UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP ANDREWS

    Plaintiff,

        vs.                              No. 3:18-cv-884(SRU)(WIG)

HARTFORD HEALTHCARE, INC.,

    Defendant.
_____X

**RECOMMENDED RULING OF DISMISSAL**

Plaintiff Philip Andrews brings this action against Hartford Healthcare, Inc., alleging a violation of his rights under 42 U.S.C. § 1983 ("Section 1983"). Now before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. [Doc. # 2]. For the reasons that follow, Plaintiff's motion is granted, but the Court recommends this matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Applications to proceed *in forma pauperis* require a two-step process of review by the district court. *See Bey v. Syracuse Univ.*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994). First, the Court must determine whether the litigant qualifies to proceed *in forma pauperis* based upon economic status. 28 U.S.C. §1915. Based upon review of Plaintiff's financial affidavit, the motion to proceed *in forma pauperis* is granted.

The second step of the Court's review process requires the Court to determine whether the cause of action is frivolous, malicious, or without merit. 28 U.S.C. §1915(e)(2)(B). This Court "*shall dismiss* the case at any time if the court determines that…the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* (emphasis added). The term

1

"frivolous" is not intended to be insulting or demeaning; it is a term of art that has a precise meaning. A claim is said to be frivolous if it does not have an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court, by using this term as required, does not intend to diminish what the plaintiff experienced or its impact upon him.

When a plaintiff appears *pro se*, the complaint must be liberally construed in the plaintiff's favor and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)*; Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This Court has held that "[t]he power to dismiss *sua sponte* must be reserved for cases in which a *pro se* complaint is so frivolous that, construing the complaint under the liberal rules applicable to *pro se* complaints, it is unmistakably clear that the court lacks jurisdiction or that the claims are lacking in merit." *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 57 (D. Conn. 2000).

Keeping these standards in mind, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff, who brings his claim pursuant to Section 1983, alleges that the defendant and its employees failed to provide him with medical care he requested, including blood tests and other medical testing.

Section 1983 creates a federal cause of action against any person who, under color of state law, deprives a citizen or person within the jurisdiction of the United States of any right, privilege, or immunity secured by the Constitution or the laws of the United States. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). In order to state a claim for relief under Section 1983, the complaint must set forth facts demonstrating (1) that the defendant acted under color of state law, and (2) that the plaintiff was thereby deprived of a constitutionally or federally protected right. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986).

To act under color of law for purposes of Section 1983, "the defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (internal quotation marks omitted) (citation omitted). When allegations pertain to actions not taken under color of state law, "they may not form the basis of a claim under § 1983." *Carlos v. Santos*, 123 F.3d 61, 66 (2d Cir. 1997). Here, Plaintiff has sued a private company and its employees; there are no allegations that the defendant was acting under color of state law or was acting with authority of state law. In addition, Plaintiff has not identified a constitutional or federal civil right of which he was deprived. As such, the prima facie elements of a Section 1983 cause of action are not met.

Accordingly, the Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as failing to state a claim upon which relief may be granted. This is a recommended ruling. *See* Fed. R. Civ. P. 72(b)(1). Any objection to this Recommended Ruling should be filed within 14 days after service. *See* Fed. R. Civ. P. 72(b)(2).

SO ORDERED, this  4th  day of June, 2018 at Bridgeport, Connecticut.

                                         /s/ *William I. Garfinkel*
                                         WILLIAM I. GARFINKEL
                                         United States Magistrate Judge